**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. __-cv-_____

**THEODORE ZIEGLER,**

    Plaintiff,

      v.

**HOME DEPOT U.S.A., INC.,**

    Defendant.

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Home Depot, U.S.A., Inc., ("Home Depot") by and through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, hereby file this Notice of Removal of the action commenced in the Denver County District Court captioned *Theodore Ziegler v. Home Depot U.S.A., Inc.,* Case No. 2019CV031451 (the "State Court Action"). In support thereof, Defendant states as follows:

1. On April 15, 2019, Plaintiff Theodore Ziegler filed his Complaint against the Defendant in the State Court Action. *See* Plaintiff's Complaint attached hereto as **Exhibit A**. Plaintiff's Complaint involves a premises liability claim. (**Exhibit A,** Plaintiff's Complaint at ¶ 3 under Plaintiff's First Claim for Relief).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Plaintiff and Defendant and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending.

4. Defendant timely filed its Notice of Removal pursuant to 28 U.S.C. § 1446(b)(3). The complaint was served on the Defendant on April 15, 2019.

### DIVERSITY JURISDICTION IS PROPER

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. The Complaint alleges a matter in controversy, which if liability is established, is reasonably probable to exceed to the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Home Depot.

### DIVERSITY OF CITIZENSHIP

6. This firm represents Defendant Home Depot.

7. Plaintiff's Complaint specifically alleges that he is a Colorado resident. (**Exhibit A**, Plaintiff's Complaint at ¶ 1.)

8. At the time that this Notice was filed, Defendant Home Depot was and still is a Delaware corporation licensed to do business in Colorado with a principal place of business of 2455 Paces Ferry Road, Atlanta, GA 30339.

9. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Supreme Court holds that the principal place of business is the corporation's "nerve center" which is normally "the place where the corporation maintains its headquarters…" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Complaint identifies Home Depot as a Delaware corporation with its nerve center in Georgia authorized to do business in the State of Colorado. (**Exhibit A,** Plaintiff's Complaint at ¶

2.) For the purposes of federal diversity jurisdiction, based upon the above, Home Depot is not a citizen of the State of Colorado.

10. Based on the foregoing, there is complete diversity between the parties within the meaning of 28 U.S.C. § 1332. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (requiring complete diversity).

11. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## **AMOUNT IN CONTROVERSY**

12. The alleged amount in controversy exceeds the $75,000.00 jurisdictional minimum, as required under 28 U.S.C. § 1332(a)(2). *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1291 n.4 (10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) (determination of amount in controversy required by 28 U.S.C. § 1332 is satisfied by examining the complaint, or, if damages are not expressly quantified therein, by examining the Notice of Removal). Removal is proper if it is more likely than not that the claim exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (proponent of federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence). The 10th Circuit suggested several ways in which a removing defendant may establish the amount-in-controversy by a preponderance of the evidence: "by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegation; <u>by reference to the plaintiff's informal estimates or settlement demands</u>; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* at 954 (internal citations omitted). The Court added that "a plaintiff's proposed settlement amount 'is relevant evidence of the amount-in-controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* at 956 (citing

*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). While settlement negotiations are typically barred from evidence under F.R.E. 408, the Court explained they can be used here because they "demonstrate plaintiff's own estimation of its claims" and thus are critical to the amount-in-controversy requirement, and importantly, they "cannot be used to support the ultimate amount of liability." *Id.* Allowing extrinsic evidence to establish the amount-in-controversy by a preponderance of evidence "guards against the potential for plaintiffs to avoid federal jurisdiction simply by omitting any amount in controversy from their complaints." *Maddox v. Delta Airlines, Inc.*, 2010 U.S. Dist. LEXIS 104003, 2010 WL 3909228 at *9 (N.D. Okla. Sept. 29, 2010).

13. In *McPhail*, the plaintiff attached "several emails and letters that show[ed] that counsel for [plaintiff] had a conversation with one of [plaintiff's] attorneys that included a discussion of the value of the claim" to the Notice of Removal in order to establish the amount-in-controversy, which the court determined was admissible for purposes of removal. *See supra*, *McPhail*, 529 F.3d at 956.

14. The core of Plaintiff's Complaint is the allegation that Home Depot owed the Plaintiff a higher duty of care as a statutory "invitee" under the Premises Liability Statute (C.R.S. § 13-21-115). Plaintiff alleges that Home Depot breached its duty to invitees to maintain its store in a safe manner when Plaintiff tripped over a plastic binding strip that caused Plaintiff to fall to the ground and allegedly sustain injuries. (**Exhibit A**, Plaintiff's Complaint at ¶¶ 7–14).

15. Prior to filing the Plaintiff's Complaint, Home Depot and the Plaintiff engaged in settlement discussions. As explained above, pre-suit settlement discussions can be used to establish the plaintiff's alleged damages where the complaint does not specify the amount of damages claimed. Here, the Plaintiff's Complaint does not specify the amount of damages Plaintiff alleges he

incurred. (*See generally* **Exhibit A**, Plaintiff's Complaint). On the other hand, the attached communication from Plaintiff's counsel confirms that Plaintiff values his claim in excess of the amount in controversy requirement. (**Exhibit B).** While settlement negotiations are protected under F.R.E. 408 from use as evidence at trial to ensure that guilt is not inferred from the settlement negotiations, there is no danger of that when the documents in question are being used only by the judge to make a determination as a matter of law (i.e., whether the amount-in-controversy requirement is satisfied). Therefore, under *McPhail*, the amount-in-controversy is satisfied by the attached **Exhibit B.**

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

16.     Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, all papers, pleadings and indexes that have been filed or served upon Defendant in the State Court Action, including the docket sheet, are attached hereto as **Exhibit C**. To the best of Defendant's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

17.     Defendant will serve a copy of this Notice of Removal on Plaintiff's counsel and will file a copy with the Denver County District Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal will be filed with the Denver County District Court and served upon Plaintiff's counsel and will be filed with this Court as **Exhibit D** after the filing is completed.

18.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is properly removable.

WHEREFORE, Defendant respectfully request that the filing of this Notice of Removal shall effect the removal of this case to the United State District Court for the District of Colorado.

Dated:  May 16th , 2019                By: */s/ Nicole M. Black*
                                                          Nicole M. Black, Esq.
                                                          Thomas P. Gerwick, Esq.
                                                          LEWIS BRISBOIS BISGAARD & SMITH LLP
                                                          1700 Lincoln Street, Suite 4000
                                                          Denver, Colorado 80203
                                                          Tel. 303.861.7760
                                                          Fax 303.861.7767
                                                          Nicole.Black@lewisbrisbois.com
                                                          Thomas.Gerwick@lewisbrisbois.com
                                                          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 16th day of May, 2019, a copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

Alessandra Morales, Esq.
David McDivitt, Esq.
McDivitt Law Firm, P.C.
19 East Cimarron St.
Colorado Springs, CO 80903
719-471-3700
litigation@mcdivittlaw.com
*Attorneys for Plaintiff*

                *Terri K. O'Brien*
                Lewis Brisbois Bisgaard & Smith LLP