# EXHIBIT A

| | | |
|---|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO | | ▲ **COURT USE ONLY** ▲ |
| Address: Clerk of Court<br>1437 Bannock Street<br>Room 256<br>Denver, CO  80202<br>Telephone: (720) 865-8301 | DATE FILED: April 12, 2019 2:27 PM<br>FILING ID: 43194E8B5F106<br>CASE NUMBER: 2019CV31451 | |
| **Plaintiff:** THEODORE ZIEGLER<br>v.<br>**Defendants:** HOME DEPOT U.S.A., INC. | | |
| Attorneys for Plaintiff<br>Name(s): Alessandra Morales, Esq., #47055<br>David E. McDivitt, #38286<br>Firm: MCDIVITT LAW FIRM, P.C.<br>Address: 19 East Cimarron Street<br>Colorado Springs, CO  80903<br>Phone Number: (719) 471-3700<br>Fax Number: (719) 471-9782<br>E-Mail Address: litigation@mcdivittlaw.com | Case Number:<br><br>Div/Ctrm: | |
| **CIVIL COMPLAINT FOR DAMAGES** | | |

COMES NOW the Plaintiff, Theodore James Ziegler, (hereinafter ***Plaintiff***), by and through his attorney, MCDIVITT LAW FIRM, P.C. for his Civil Complaint for Damages against the Defendants hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff is a resident of Colorado, with an address of 2001 West 92nd Avenue, #731, Denver, CO 80260.

2. Upon information and belief, Plaintiff alleges that Defendant Home Depot U.S.A., Inc. (hereinafter "Home Depot"), is a Delaware corporation licensed to do business in Colorado with a principal place of business of 2455 Paces Ferry Road, Atlanta, GA 30339.

3. Defendant Home Depot's registered agent is Corporation Service Company, with an address of 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. All the incidents giving rise to Plaintiff's claim, known or unknown, occurred within the City of Denver, County of Denver, State of Colorado.

5. At all times alleged herein, Defendant Home Depot owned, leased, possessed, and/or otherwise maintained control of and operated the Home Depot store located at 10003 Grant Street, Denver, CO 80229 (hereinafter "Home Depot store")

6. Upon information and belief, Plaintiff alleges that all actions or omissions of Defendant which give rise to this claim occurred in the city of Denver, county of Denver, state of Colorado. As such, pursuant to *Colorado Rules of Civil Procedure* (C.R.C.P.) 98(c)(5), venue is proper in Denver County.

## FACTUAL ALLEGATIONS

7. On June 11, 2017, Plaintiff Theodore Ziegler was an invitee at the Home Depot store.

8. On the referenced date, Plaintiff was pushing a shopping cart through the aisles at the Home Depot store. Plaintiff turned down an aisle that displayed swamp coolers and parts for swamp coolers. On the floor of the aisle was crowded with pallets of merchandise. Further there was plastic binding strips along with other debris on the floor. As Plaintiff attempted to navigate down the aisle to the area of the items that he was shopping for, Plaintiff tripped over a plastic binding strip which cause Plaintiff to fall to the ground.

9. At all times alleged herein, the subject plastic binding strip was not properly secured.

10. Defendant Home Depot knew or should have known about the danger created by the unsecured plastic binding strip.

11. At all times alleged herein, Defendant Home Depot was legally responsible for the condition of the Home Depot Store.

12. At all times alleged herein, Defendant Home Depot was legally responsible for activated conducted at the Home Depot store.

13. At all times alleged herein, Defendant Home Depot owed a duty to invitees of the Home Depot store to maintain said property in a safe manner.

14. At all times alleged herein Defendant Home Depot owed a duty to invitees of the Home Depot store to use reasonable care to protect against known dangers on the property, or dangers on the property that a person using reasonable care should have known about.

## FIRST CLAIM FOR RELIEF
### (Premises Liability, Invitee, under C.R.S. Section 13-21-115)

1. The Plaintiff incorporates by reference the allegations above as though fully set forth herein.

2. Plaintiff had injuries from the slip or trip and fall.

3. Defendant, on the date of accident, was a landowner as defined under C.R.S. Section 13-21-115 since Defendant was a person legally responsible for the condition of real property, or for the activities conducted or circumstances existing on real property, at the location of the fall.

4. Defendant actually knew or in the exercise of reasonable care should have known about the danger on the property posed by the cracks and/or holes in or on the sidewalk.

5. Defendant failed to use reasonable care to protect against the danger on the property.

6. Defendant's failure to use reasonable care was the cause of Plaintiff's injuries.

7. As further direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has been caused to suffer in the past, and will suffer in the future, economic and non-economic injuries and losses including, but not limited to, physical pain and suffering, temporary and/or permanent physical impairments, loss of the enjoyment of life, loss of earnings and earning capacity, the capacity to perform household work, inconvenience, impairment and disability, some of which may be permanent.

## SECOND CLAIM FOR RELIEF
### Negligence

1. The Plaintiff incorporates by reference the allegations above as though fully set forth herein.

2. Plaintiff brings this claim pursuant to C.R.S. §13-21-115.

3. At all times alleged herein, Defendant owed a duty to invitees of the Home Depot store to maintain said property in a safe manner.

4. Al all times alleged herein, Defendant owed a duty to invitees of the Home Depot store to use reasonable care to protect against know dangers on the property, or dangers on the property that a person using reasonable care should have known about.

5. Defendant knew, or using reasonable care should have known, about the dangerous condition caused by the unsecured plastic binding strip in the Home Depot store.

6. As a direct and proximate result of Defendant's failure to use reasonable care to protect against the danger at the Home Depot store, Plaintiff suffered bodily injury to his person.

7. As a further direct and proximate result of Defendant's failure to use reasonable care to protect against the danger at the Home Depot store, Plaintiff has incurred bills for health care and treatment the reasonable value of which is in excess of $123,895.46 at date and will incur additional such expenses in the future.

8. As a further direct and proximate result of Defendant's failure to use reasonable care to protect against the danger at the Home Depot store, Plaintiff has been caused to suffer in the past, and will suffer in the future, economic and non-economic injuries and losses including physical pain and suffering, loss of the enjoyment of life, loss of capacity to perform household work, inconvenience, permanent physical impairment, and the impairment, and the impairment of the quality of life in such amounts that are determined to be fair and just.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for all reasonable compensatory damages allowed by law, both economic and non-economic, costs, expert witness fees, all interest allowable by law calculated at a compound rate, and such further relief as the Court finds appropriate.

Respectfully submitted, this 12th day of April, 2019.

MCDIVITT LAW FIRM, P.C.

*Alessandra Morales*
_____
**Alessandra Morales, Esq.**, #47055
**David McDivitt, Esq.**, #38286
Attorneys for Plaintiff

**Plaintiff's Address:**
2001 West 92nd Avenue, #731
Denver, CO 80260